26753. BROWN v. BROWN.

Submitted October 13, 1971—Decided November 8, 1971.

*Hoyt L. Bradford,* for appellant.

*C. R. Vaughn, Jr.,* for appellee.

MOBLEY, Presiding Justice. The appellant, Ruby Louise Brown, filed a complaint for divorce, temporary and permanent alimony, and custody of the minor children, alleging cruel treatment as the ground for divorce. The husband filed an answer denying that he was guilty of cruel treatment to his wife, and by cross complaint asked that he be granted a divorce on the ground of cruel treatment.

The jury found in favor of the husband, and child support of $84.20 per month from Social Security.

The appeal is from the judgment granting the husband a divorce, and the denial of the wife's motion for new trial.

The sole issue is whether the evidence was sufficient to support the verdict.

The able attorney for the husband, in his brief, recites the following as the material evidence sufficient to support the verdict: "Defendant-appellee [husband] had been seriously injured in 1961 in an on-the-job accident while working with the Georgia Power Company. Due to this accident, he was totally disabled suffering extensive injuries both physically and mentally. After a partial recovery from this accident, the defendant-appellee was able to perform only such simple tasks as keeping house for his family. Due to his physical injuries, defendant-appellee was not able to work, and defendant's wife obtained employment and in effect became the head of the household. During the last three or four years of their married life, plaintiff and defendant did not enjoy the normal relations of man and wife. Defendant's wife would work at night and at times stay out later than her normal working hours. On one occasion, she attended the VFW National Convention. After these periods of unexplained absence, she would not voluntarily tell the defendant-appellee where she had been; and if the defendant would ask, she would get 'mad' at him. Defendant-appellee testified that these periods of anger upset him and made him nervous."

*Code Ann.* § 30-102 (10) provides that, "Cruel treatment,

which shall consist of the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies apprehension of danger to life, limb or health," is sufficient to authorize the granting of a total divorce.

This court has repeatedly held that an intention to wound is a necessary element of cruel treatment for which divorce will be granted. See *Dougherty v. Dougherty*, 153 Ga. 487 (2) (112 SE 454).

The evidence as set out above wholly fails to show any intention on the part of the wife to wound the husband. The parties lived under trying circumstances with the husband almost totally disabled, and the wife driving a school bus during the day and working at night at the V. F. W. Club, and having a young daughter to rear. While complete marital bliss was not present with this couple, the evidence does not support the husband's contention that the wife has been guilty of cruel treatment of him, as is required for divorce under *Code Ann.* § 30-102 (10).

*Judgment reversed. All the Justices concur, except Felton and Hawes, JJ., who dissent.*